UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CARL DWAYNE CRAWFORD, :
          Plaintiff, :
v. : **MEMORANDUM OPINION**
: **AND ORDER**
JUAN BALTAZAR, Warden; MONICA :
RECKTENWALD, Warden; MATTHEW : 15 CV 9427 (VB)
WHINNERY, Captain; DAVID SUSNEY, SIS :
Lieutenant; ROBERT POITRAS, Lieutenant; :
JOE NALEPA, Lieutenant; MARK PALMER, :
Lieutenant; BRAIN SUDUL, Lieutenant; J.M. :
BANKS, DHO; MITCHELL CURESKY, :
Counselor; KETTISHA-MANSON WALKER, :
Case Manager; CHRISTIAN CONKLIN, CO; :
LUIS CAQUIAS, CO; SEAN ARTHUR :
CORRICE, CO; MIGUEL RAMOS, CO; :
RAMON SANATABRISOTO, CO; JASON :
BASTEDO, CO; ANITA COCHOO, Unit :
Manager; CHARLES E. SAMUELS, Director :
of BOP; J.L. NORWOOD, Director of BOP; :
THOMAS R. KANE, Director of BOP; :
RICHARD M. WINTER, Director of BOP; :
A.M. JOHNSON, Supervisory Attorney; :
CHARLES E. DANIELS, Warden; M. :
RAEBEL, Lieutenant; J. SCHALENSEE, Case :
Manager, :
          Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

    Before the Court is plaintiff's motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment. (Doc. #103). On April 30, 2018, judgment was entered (Doc. #102) dismissing the case for the reasons stated in the Court's Opinion and Order, also dated April 30, 2018 (Doc. #101). In effect, plaintiff's motion seeks reconsideration of the Court's April 30 Opinion and Order.

    For the reasons set forth below, the motion is DENIED.

1

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see SDNY Local Civil Rule 6.3. The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391−92 (S.D.N.Y. 2000). Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court." Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995) (citing Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991)). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

As an initial matter, plaintiff's motion is untimely. Pursuant to Rule 59(e), motions to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Here, the judgment was entered April 30, 2018, and plaintiff's motion is dated May 30, 2018, more than 28 days later. Thus, even applying the "prison mailbox rule," see Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001), plaintiff's motion is untimely. It appears plaintiff calculated that his

motion was due June 7, 2018 (Doc. #106), but that calculation is incorrect. Under Rule 6(b)(2), the Court has no discretion to extend plaintiff's time to file a motion to alter or amend the judgment. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).").

In any event, even assuming plaintiff's motion was timely filed, it is plainly without merit. The motion rehashes arguments already made in plaintiff's opposition to defendants' motion to dismiss. (Doc. #92). However, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). It is clear plaintiff disagrees with the Court's decision, but disagreement is not a basis for reconsideration.

Having carefully reviewed its earlier decision as well as plaintiff's motion, the Court concludes it did not overlook facts or precedent that might have altered the conclusion reached in the earlier decision. Moreover, nothing in the instant motion persuades the Court that the earlier decision was wrong in any material respect. Accordingly, there is no need to correct a clear error or prevent manifest injustice.

## CONCLUSION

The motion to alter or amend the judgment is DENIED.

The Clerk is instructed to terminate the motion (Doc. #103), and mail a copy of this Order to plaintiff at the address on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose

of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: July 3, 2018
      White Plains, NY

                          SO ORDERED:

                          Vincent L. Briccetti
                          United States District Judge